IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAFIQ IMANI,

                   Plaintiff,

    v.

SANDRA L. MCARDLE, *et al.*,

                   Defendants.

OPINION and ORDER

24-cv-822-jdp

---

Plaintiff Shafiq Imani, a state prisoner representing himself, is proceeding on Eighth Amendment inadequate medical care and Wisconsin-law medical negligence claims against prison medical staff for their alleged failure to treat him for Multiple Sclerosis and related symptoms. Dkt. 9 at 1, 9. Imani has filed a motion for reimbursement of service costs and fees from defendant Sandra McArdle, Dkt. 25, and a motion requesting assistance in recruiting counsel, Dkt. 34, both of which the court will deny for the following reasons.[1]

ANALYSIS

**A. Imani's motion for reimbursement of service costs and fees, Dkt. 25**

Imani asks to be reimbursed for the costs and fees he incurred for serving McArdle personally. He argues that McCardle unreasonably refused to waive service after he followed

---

[1] Defendant McArdle has filed a motion to strike plaintiff's reply and declaration in support of his fee motion or alternatively for leave to file a surreply and declarations. Dkt. 49. McArdle did not attach a surreply or declarations to her motion, so the court cannot evaluate them. Regardless, the motion is DENIED in light of plaintiff's self-represented status and because the court's consideration of all arguments raised by the parties does not change the outcome. The court will address defendants' motion for summary judgment on exhaustion grounds, Dkt. 44 & Dkt. 55, in a separate order.

Rule 4(d)(1). But the record shows that Imani was technically deficient in seeking the waiver, so shifting fees is not appropriate.

Under Rule 4(d)(1), a plaintiff to a lawsuit may request that the defendant waive service of summons to avoid the costs associated with the formal service of a defendant. Like all federal service rules, Rule 4(d)(1) includes strict requirements that ensure the individual being served is fully informed of their rights and obligations regarding the service. Specifically, under Rule 4(d)(1)(C) a plaintiff must provide the defendant with a copy of the complaint, two copies of the waiver form, a prepaid means for returning the form, and a copy of Rule 4 appended to the waiver form. A plaintiff requesting a waiver must also provide the defendant with a "reasonable" amount of time—no less than 30 days—to respond. It is the duty of a defendant who receives a waiver request to "avoid unnecessary expenses of serving summons." Fed R. Civ. P. 4(d)(1). Therefore, a defendant who chooses, without good cause, to forego signing the waiver must reimburse the plaintiff for the costs of formal service. Fed. R. Civ. P. 4(d)(2).

Imani claims that he faithfully complied with the requirements of Rule 4(d)(1), but the record tells a different story. He argues that on November 18, 2025, he sent McArdle "a copy of his amended complaint and a Waiver of the Service of Summons form." Dkt. 25 at 2. Additional exhibits attached to the motion indicated that Imani had also delivered a summons to McArdle with his request. Dkt. 26-1. Based on these facts, Imani claimed entitlement to reimbursement for service and for having to bring his Rule 4(d) motion.

McArdle responds that Imani failed to comply with Rule 4(d)(1) in multiple ways. First, she notes that Imani sent just one copy of the waiver form—Rule 4(d)(1) requires two. Second, Imani did not include a prepaid means for returning the form or an appended copy of Rule 4.

McArdle argues therefore that Imani did not properly request the waiver, and thus, is not entitled to reimbursement for the cost of service.

To rectify these discrepancies, Imani filed a reply brief, a supplemental reply, and a declaration in support of his motion describing more thoroughly the documents he initially delivered to McArdle. Dkt. 43, Dkt. 47 & Dkt. 48. Discrepancies remain. Imani attests in his declaration that the documents sent included a notice of a lawsuit and request to waive service, two waiver of the service of summons forms, the amended complaint, and a self-addressed, stamped envelope. Dkt. 48, ¶ 3. He attributes the omission of this information from his motion to his various ailments, memory loss, fatigue and other reasons mentioned in his motion for appointment of counsel addressed below. Dkt. 43 at 2. He further explains that the disbursement form does not include an itemized list of every document he mailed McArdle because there is not enough space on the form. Dkt. 47 at 2. Even so, Imani does not attest to including the required copy of Rule 4, and an information request completed by an institutional librarian indicates that the library "filled a request on November 13, 2025" for copies of the notice of a lawsuit, and request to waive service of a summons and of the waiver of the service of summons form only. Dkt. 48-1 at 1.

Even taking all plaintiff now attests in reply as true, his motion must be denied because he has still failed to show compliance with Rule 4(d)(1). The court recognizes that Imani is representing himself, and that his failure is a remediable oversight, and that is why it has considered his statements in reply. But even with the benefit of his opponent's response brief that lays out his motion's deficits, Imani has not attested to including all required documents. As a result, he is not entitled to reimbursement under Rule 4(d)(2).

**B. Imani's motion for the appointment of counsel, Dkt. 34**

Imani also asks the court for counsel, stating that he cannot afford an attorney and has been unable to find one to represent him. Dkt. 34 at 1–2. Imani attests that this case is complex and will involve expert testimony and locating witnesses, that he lacks legal training, that discovery will be voluminous, and that he struggles with short term memory loss, low energy, and other afflictions that would create obstacles in litigating this matter. Dkt. 35. In support, plaintiff filed nine letters from law firms declining to represent him, Dkt. 34-1, along with multiple medical records supporting his ailments, Dkt. 36, and his prisoner trust fund account statement, Dkt. 37.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, Imani must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. For purposes of this motion, the court finds that he has met this requirement even though he is not proceeding in forma pauperis. His trust account statement indicates that he has some funds available, but the bulk of those funds are in a release savings account unavailable to Imani for purposes of obtaining counsel. *See Carter v. Bennett*, 399 F. Supp. 2d 936 (W.D. Wis. 2005) (with the exception of initial partial payments of filing fees, this court foes not have the authority to tell state officials whether a prisoner should be able to withdraw money from a release account). So, the court will disregard those funds for purposes of this order and find that he has met this requirement.

Second, Imani must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Imani has met this requirement as well by attaching nine letters from law firms declining to represent him. Dkt. 34-1 at 4–13.

Third, Imani must demonstrate that his case is one in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Mote*, 503 F.3d at 654–55. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated litigants. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Imani has not demonstrated that he is incapable of representing himself, and therefore his motion must be denied. Imani contends that he has limited knowledge of the law regarding inadequate medical care claims. Dkt. 34 at 1–2. He has also had several legal tasks to complete, including discovery and responding to defendants' motions for summary judgment on exhaustion grounds. Yet he has received guidance from the court at the preliminary pretrial conference and in the court's preliminary pretrial order and packet on how to use the discovery process to obtain information in support of his claims. Dkt. 23. And, at bottom, the quality

of Imani's various motions and evidentiary submissions reflects that he is familiar with his claims and the evidence, and more than capable of addressing these issues. Indeed, Imani has filed a brief and declaration in opposition to the state defendants' motion for summary judgment. Dkt. 63 & Dkt. 64.

Imani also claims that various ailments including low energy and short-term memory loss negatively affect his ability to conduct necessary research, gather discovery, and formulate coherent arguments. Again, Imani's work thus far suggests that despite his ailments he is fully capable of completing all these tasks in a competent manner, and that his ability to litigate this case does not fall below that of the hundreds of self-represented plaintiffs who litigate cases, including medical care cases like this one, in this court every year. Should Imani ever need additional time to complete a litigation task due to medical or other reasons beyond his control, he may request an extension for good cause, and the court will consider his request

The court will deny Imani's motion for counsel without prejudice. This means that he can refile his motion later in this case if his circumstances change or if any of his claims proceed to trial and he believes that he is unable to continue to litigate this lawsuit himself. If he refiles his motion, he will need to explain what specific litigation task he is unable to accomplish.

ORDER

IT IS ORDERED that:

1. Defendant McArdle's motion to strike plaintiff's reply and reply declaration and motion for leave to file a surreply, Dkt. 49, is DENIED.

2. Plaintiff's motion for reimbursement of service costs and fees, Dkt. 25, is DENIED.

3. Plaintiff's motion for the appointment of counsel, Dkt. 34, is DENIED without prejudice.

Entered August 5, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge